Martin J. Kaufman, Esq. (SBN 155672)
mjk@lawkaufman.com
**THE KAUFMAN LAW FIRM**
2300 Westwood Boulevard, Second Floor
Los Angeles, California 90064
Tel: (213) 239-9400
Fax: (213) 239-9409

JS-6

Attorneys for Defendant/Cross-Claimant,
DANA D. COLE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST,<br><br>    Plaintiff,<br><br>    v.<br><br>DANA D. COLE, an individual; DANIEL A. WILSON, an individual; and JAMES D. WILSON, an individual,<br><br>    Defendants.<br><br>———————————————<br><br>AND ALL RELATED CROSS-ACTIONS | Case No. CV12-5562 MWF (SPx)<br><br>**STIPULATED FINAL JUDGMENT AND ORDER**<br><br>Trial Date:   March 25, 2014<br>Trial Time:   8:30am<br>Courtroom:   1600 |

1.  This matter comes before the Court on stipulation of Defendant/Cross-Claimant DANA D. COLE ("Cole") and Defendants/Cross-Defendants DANIEL A. WILSON and JAMES D. WILSON (collectively, "the Wilsons").  Cole and the Wilsons are herein referred to collectively as "the Parties."  The Parties entered into a settlement agreement on December 23, 2013 to address the disposition of the proceeds from the Operating Engineers Pension Trust ("the Trust") in which

decedent Robert D. Wilson was a participant, and to which the Parties are all claimed beneficiaries.

2. On June 26, 2012, the Trustees of the Operating Engineers Pension Trust ("Trustees") filed a Complaint for Interpleader, requesting this Court to adjudicate the competing claims to the Trust filed by Cole and the Wilsons.   Competing claims arose between Cole and the Wilsons in that two separate Designations of Beneficiary from 1993 named Cole as the sole beneficiary, and a later Designation dated May 17, 2011 named each of the Wilsons as 50% beneficiary.   By its Complaint for Interpleader, the Trustees asked the Court to determine whether Cole or the Wilsons are entitled to the sums payable on Robert Wilson's account due from the Trust.

3. The Wilsons filed their Answer to the Complaint on July 17, 2012.   On August 6, 2012, Cole filed her Answer to the Complaint and her Cross-Claim against the Wilsons for (1) Declaratory Relief and (2) Fraud, Undue Influence, Duress and Constraints.   The Wilsons filed their Answer to Cole's Cross-Claim on August 27, 2012.

4. Soon thereafter, on September 7, 2012, the Trustees filed their Motion to Discharge Stakeholder and For Attorney Fees, which the Court granted on October 15, 2012.   The Trustees were awarded attorneys' fees in the sum of $6,140.00 and costs of $887.95, to be subtracted from the total amount of death benefits payable on Robert Wilson's account with the Trust.   The Trustees are released, acquitted and discharged from all claims or liability to the defendants in this action, or any of them, except that the Trustees are obligated to make payments consistent with this Judgment and the rules of the Operating Engineers Pension Plan.

///

///

///

**STIPULATED FINAL JUDGMENT AND ORDER**

## FUNDS REMAINING IN THE TRUST ACCOUNT

5.  The Trust has death benefits in the total sum of $143,247.00, payable on the account of deceased participant Robert D. Wilson, in the form of a single life annuity.  The sums that have accrued on Robert Wilson's account from July 1, 2011 through January 1, 2014 total $113,863.00 ("Accrued Amount").

## DISTRIBUTION OF FUNDS

6.  The Court hereby instructs and orders the Trust as follows:

### Payment of Trust's Attorney's Fees and Costs

7.  Pursuant to the Order dated October 15, 2012 granting the Trustees' Motion to Discharge Stakeholder and For Attorney Fees, the Trust shall deduct $6,140.00 for attorney's fees and $887.95 for costs from the Accrued Amount which would otherwise have been awarded to DANA D. COLE.

### Payment to DANIEL A. WILSON

8.  The Trust shall pay to DANIEL A. WILSON $17,000.00 from the Accrued Amount.  This $17,000.00 payment shall be the total and final amount DANIEL A. WILSON shall receive from the Trust and shall be made payable jointly to DANIEL A. WILSON and THE METTIAS LAW ATTORNEY-CLIENT TRUST ACCOUNT and delivered to The Mettias Law Firm, counsel for the Wilsons.

### Payment to JAMES D. WILSON

9.  The Trust shall pay to JAMES D. WILSON $17,000.00 from the Accrued Amount.  This $17,000.00 payment shall be the total and final amount JAMES D. WILSON shall receive from the Trust and shall be made payable jointly to JAMES D. WILSON and THE METTIAS LAW ATTORNEY-CLIENT TRUST

**STIPULATED FINAL JUDGMENT AND ORDER**

ACCOUNT and delivered to The Mettias Law Firm, counsel for the Wilsons.

**Payment to DANA D. COLE**

10. The Trust shall pay to DANA D. COLE $72,835.05 from the Accrued Amount. This $72,835.05 payment shall be made payable jointly to DANA D. COLE and THE KAUFMAN LAW FIRM, APC CLIENT TRUST ACCOUNT and delivered to The Kaufman Law Firm, counsel for Cole.

11. The Trust shall pay the remaining eight (8) monthly payments of $3,673.00 each to DANA D. COLE and deliver each of said payments to The Kaufman Law Firm, APC pursuant to the rules of the Operating Engineers Pension Plan, beginning on the first of the month after Entry of Judgment and after all amounts in Paragraphs 7 through 9 have been paid in full.

## OTHER PROVISIONS

12. DANIEL A. WILSON, JAMES D. WILSON and DANA D. COLE shall each be responsible for any federal and state taxes due upon the amounts awarded and paid to them including any portions attributed to attorney's fees and costs pursuant to this Judgment.

13. DANIEL A. WILSON, JAMES D. WILSON and DANA D. COLE shall each advise the trust in writing, if he/she wishes to have any federal and state withholdings and deductions from the respective amount to be paid to him/her pursuant to this Judgment, and shall each provide the Trust his/her current mailing address and telephone number prior to the disbursement pursuant to this Judgment.

14. Each party shall advise the Trust of any future changes to his/her mailing address to enable the Trust to provide each respective party with a Form 1099R by January 31, 2015.

///

**STIPULATED FINAL JUDGMENT AND ORDER**

15. This Order constitutes a Final Judgment under the Federal Rules of Civil Procedure.

16. This Court shall retain jurisdiction of this matter for purposes of construction, modification and enforcement of this Final Judgment and Order.

**IT IS SO ADJUDGED AND ORDERED.**

DATED: February 25, 2014

_____

HON. MICHAEL W. FITZGERALD,
UNITED STATES DISTRICT JUDGE

**STIPULATED FINAL JUDGMENT AND ORDER**